UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, AND ALLSTATE
INDEMNITY COMPANY,

          Plaintiffs,

v.

IZZAT "ISSAC" HANNA, MICHAEL
THOMAS, AND ARBEN "BENNY" PURAJ,

          Defendants.

_____/

Case No: 24-11203

Honorable Nancy G. Edmunds
Mag. Judge Anthony P. Patti

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT AND TO EXTEND DISCOVERY THROUGH APRIL
18, 2025**

This case was brought by Plaintiffs Allstate vehicle and Property Insurance

Company and Allstate Indemnity Company (collectively "Allstate") seeking declaratory

judgment regarding whether Plaintiffs are obligated to defend or indemnify Defendant

Issac Hanna in a lawsuit filed against him in the Chancery Court of Delaware by

Defendants Thomas and Puraj. The matter is before the Court on Plaintiffs' motion to

amend their complaint and extend the discovery cutoff date through April 18, 2025.

(ECF No. 26.) None of Defendants have filed a response.[1] For the reasons that follow,

Plaintiffs' motion is GRANTED.

**I.**      **Background**

---

[1] Defendant Hanna's counsel did consent to sign Plaintiffs' proposed stipulated order which would have allowed them to file an amended complaint and extend discovery as requested in the instant motion. (ECF No. 26-4.)

Plaintiffs have issued four insurance policies to Defendant Hanna. (ECF No. 26, PageID.511.) On November 29, 2023, Defendants Thomas and Puraj filed suit against Defendant Hanna in Delaware's Court of Chancery over a business dispute. (ECF No. 26-1.) Unbeknownst to Plaintiffs, Defendants Thomas and Puraj amended their complaint in the Delaware suit on March 22, 2024. (ECF No. 26, PageID.512.) Plaintiffs brought this action on May 6, 2024 seeking a declaratory judgment that they are not obligated to defend or indemnify Defendant Hanna in the Delaware suit. (ECF No. 1.) Plaintiffs now seek leave to amend their complaint for the purpose of updating references to the Delaware complaint. (ECF No. 26.)

## II.    Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing part[ies'] written consent or the court's leave. The court should freely give leave when justice so requires." The U.S. Supreme Court has interpreted "freely given" to mean that "[i]n the absence of any apparent . . . undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party," the leave should be given. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

As for Plaintiffs' request to extend discovery, Federal Rule of Civil Procedure 16(b)(4) provides "[a] schedule may be modified only for good cause and with the judge's consent."

## III.    Analysis

Here, there is no evidence of undue delay, bad faith, or potential prejudice to opposing parties. Plaintiffs sought opposing parties' consent to amend their complaint with updated references to the Delaware lawsuit's complaint within weeks of discovering

the existence of the amended Delaware. (ECF No. 26, PageID.513.) Plaintiffs do not seek to amend the allegations in their complaint; they only seek to update references to the Delaware complaint. *Id.* Accordingly, there is no apparent undue delay or bad faith on the part of Plaintiffs in their seeking leave to amend, nor prejudice to opposing parties.

Plaintiffs have been diligent in conducting discovery since initiating this action in 2024. Plaintiffs have been active in engaging with other parties on discovery matters as well as in conducting settlement discussions. *Id.* at 519. Thus, the Court finds good cause to extend the discovery cutoff date to April 18, 2025.

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file their first amended complaint and to extend the discovery cutoff date to April 18, 2025.


SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated: March 17, 2025


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2025, by electronic and/or ordinary mail.


s/ Marlena Williams
Case Manager